FILED

DEC 12 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

No. SA23CA1520 JKP

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Dr. JACK WILSON STAMPS, JR.
Plaintiff

vs.

UNIVERSITY OF TEXAS SYSTEM,
UNIVERSITY OF TEXAS AT AUSTIN,
and DOREEN LORENZO, DOUGLAS DEMPSTER,
MICHAEL BAKER, & DAVID COHEN,
    Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT AND JURY DEMAND**

1.  This is an action through which plaintiff seeks redress for actions taken by defendants University of Texas System and University of Texas at Austin that violated, and continue to violate, plaintiff's constitutional right, as a US citizen, to due process.

2.  Plaintiff has been subjected, without consent or announcement, to an invasive and personal investigation by a secretive state university committee. Plaintiff has been libeled by defendant The University of Texas at Austin and defendants Doreen Lorenzo, Douglas Dempster, Michael Baker, and David Cohen, in their individual capacities, through written statements discovered in open records related to an ongoing investigation of plaintiff by the secretive state university committee.

3. These libelous statements have caused damage to plaintiff's career, professional standing, and personal well-being, and has caused him emotional distress. Plaintiff has suffered criticism, dishonor, condemnation, and both personal and professional ostracization. Plaintiff seeks declaratory and injunctive relief and damages.

**PARTIES**

4. Plaintiff Jack Wilson Stamps, Jr. ("I", "me", "my", "myself") resides in San Antonio, Bexar County, in the jurisdiction of Western District of Texas.

5. Defendant University of Texas System ("UT System") is a public university system. The UT System is the employer of all who work, teach, and research at its component institutions. UT System is responsible for approving and setting forth policies and procedures for the universities it oversees. The UT System is in the Western District of Texas. Defendant may be served by serving its Chancellor, James B. Milliken.

6. Defendant University of Texas at Austin ("UT Austin") is a public university that operates as a component institution of the UT System. Defendant may be served by serving its President, Jay Hartzell.

7. Defendant Doreen Lorenzo ("Lorenzo") is an Assistant Dean of the College of Fine Arts ("COFA") and Director of the School of Design and Creative Technologies ("SDCT") within the College of Fine Arts ("COFA") at UT Austin. Lorenzo is being sued in her individual and official capacities.

8. Defendant Douglas Dempster ("Dempster") is a former dean of COFA and current Professor at UT Austin. Dempster is being sued in his individual and official capacities.

9. Defendant Michael Baker ("Baker") is the chair of the

Department of Arts and Entertainment Technologies ("DAET") at UT Austin. Baker is being sued in his individual and official capacities.

10. Michael Cohen ("Cohen") is an Associate Professor in the DAET at UT Austin. Cohen is being sued in his individual and official capacities.

## JURISDICTION AND VENUE

11. My claims are founded upon violations of the Constitution and laws of the United States of America. Therefore, this court has original jurisdiction pursuant to 28 U.S.C. §1331.

12. The Court has personal jurisdiction over the parties because the parties reside in Texas and the Western District of Texas.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because all parties were, at all relevant times, residents of this District and the CAUSES OF ACTION alleged herein occurred in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. On November 1, 2023, I sent a letter to Jeffery Graves, Chief Compliance Officer, and Privacy Officer at UT Austin, asserting the facts presented in this lawsuit. In the letter, I respectfully asked for redress for harms the facts of this lawsuit caused me along with a list of changes I demanded of UT Austin related to the facts of this lawsuit.

15. Mr. Graves then informed me that he forwarded my letter to UT Austin Deputy Vice President for Legal Affairs Adam Biggs.

16. I have since not heard a response from Mr. Graves, Mr. Biggs, or anyone from UT Austin regarding my letter or the harms to me the letter identifies.

## STATEMENT OF FACTS

1. I was a professor of music technology and arts and entertainment technologies at UT Austin from 2015 to 2020. I was promoted from Assistant Professor of Practice to Associate Professor of Practice in March 2019.

2. In April 2019, I reported sexualized comments about students, faculty, and staff, bullying, and coercion, all committed by UT Austin COFA administrators, to UT Austin, by way of its Office for Inclusion and Equity ("OIE").

3. Less than two weeks after COFA administration learned of the OIE's investigation of my claims, my teaching contract was terminated by Lorenzo in retaliation for reporting Title IX-related actions, bullying, and coercion to the university.

4. A lawsuit against UT Austin was filed by me in December 2020, in the Western District of Texas. Civil action (NO. 1:20-CV-01204-LY), *Jack W Stamps v. The University of Texas at Austin*, was mediated by Magistrate Judge Dustin M Howell and settled out of court in spring 2023.

5. There is a committee at UT Austin called the Behavioral Risk Assessment Committee, or ("BRAC"). The BRAC is not mentioned in the UT Austin Handbook of Operating Procedures and the existence of the BRAC is all but entirely unknown to employees at UT Austin.

6. The BRAC investigates and assesses employees (including faculty), without consent or announcement.

7. The existence of the BRAC is only evidenced by mention in the *University of Texas at Austin Emergency Operations Plan*, inconspicuously placed, in PDF form, on the "Campus Emergency Plans" webpage at UT Austin website.

8. On September 12, 2023, through documents I received from UT Austin Open Records, I first learned that I was, and have been, a subject of investigation and assessment by the BRAC, in clear

violation of my rights to due process afforded me by the U.S. Const. amend. 5 and U.S. Const. amend. 14.

9. Save for a document that shows little more than BRAC file sharing and scheduling of meetings procedures, despite specific requests by me, UT Austin refuses to release any documents that explain the specific charge of the BRAC, who (or what) BRAC reports to, the instruments or work BRAC produces, or what the instruments BRAC produces are used for.

10. The UT System, on behalf of UT Austin, has made arguments to the Texas Office of the Attorney General ("OAG") against the release of documents responsive to specific questions about what BRAC does.

11. To state the facts another way, UT Austin, as an arm of state government, that also receives federal funding, uses a secretive committee that investigates and evaluates its employees without consent or announcement.

12. The open records documents I have received from UT Austin relating to the BRAC's investigation of me reveal several libelous, defamatory, and frankly, abhorrent statements made about me, my psychological and medical states by COFA administrators and professors. The following are but few examples of the libelous statements and actions made by COFA administrators and professors.

13. One such document in the BRAC investigation files is an email, sent to Lorenzo and Baker by Cohen. In the stylized and formatted email, Cohen accuses me of defamation, discrimination, and victimization. Elsewhere Cohen says he blocked me from social media, using "the same tactics [he] would take with a stalker." Cohen also accuses me of "targeting" and claims I put his family's safety at risk.

14. The BRAC made no attempt corroborate any of the above libelous statements made about me and it [BRAC] never reached out to me to cross-examine these claims.

15. UT Austin has argued against the release of information I requested on the preparation and official nature of the email's formatting—a compelling indication the letter was prepared in collusion with UT Austin administrators.

16. In another email sent from Dempster to Lorenzo, with senior UT Austin administrators Carmen Shockley and Janet Dukerich copied, Dempster refers to me as a person capable of accusing another of "…running a pedophile ring in the basement of a pizza parlor." Dempster also refers to me as having a "…conspiracy-addled mind…".

17. The open records I received from UT Austin about the BRAC's investigation of me indicate no closure, conclusions, or otherwise any indication that the investigation is not still active.

18. On November 2, 2021, a "Threat Mitigation Cover Sheet" was created in reference to me by the UT Austin Police Department ("UTPD"), indicating that the "Incident Type" as "BRAC".

19. The UTPD Threat Mitigation Sheet contains several errors establishing background. Citing unidentified sources, the Threat Mitigation Sheet portrays me as being "very combative and confrontational" without providing any context for the description. It goes on to libelously describe me as "getting fed up", that I might "go nuclear", and that I am conspiratorial.

20. The UTPD never reached out to ask whether I was going to "go nuclear" and there is no description of what that means.

21. If UTPD had reached out to me, I could have cleared up its clerical errors that came from using some basic search process rather than reaching out to me directly to find out where I live, get the make and model of my car, my driver's license, and license plate numbers.

22. Instead, UTPD and BRAC's lack of any proper investigation is the cause of my father, Mr. Jack W Stamps, Sr., an elderly man, being the individual cited, along with his car and address

information, in the UTPD's Threat Mitigation Sheet.

23. The open records I received relating to the BRAC investigation and assessment of me contain several offensive and non-professional perceptions of, and inferences to, my mental and psychological state and purported "threat" to the university by persons with backgrounds in social work, etc., such as Susan Harnden.

24. Harnden, was a member of the BRAC during its investigation of me and Harnden never reached out to me to discuss any of the claims and statements made by COFA faculty and administration.

25. Elsewhere in the records I received from UT Austin, Harnden acknowledges the BRAC's lack of due process when she writes, referring to documents she reviewed for BRAC, submitted by COFA faculty and administrators, "I looked them over and honestly they seem like legitimate arguments even if he [Stamps] doesn't get a say in the situation."

26. Lorenzo complained to BRAC and the UTPD about an article I wrote that freely expresses disagreeable experiences in COFA, as evidence of the danger I posed to UT Austin but once again, no one from BRAC or UTPD reached out to me about it or specifically to ask whether I had embedded malware in the article since UTPD did, in fact, check the article for malware.

27. I recently learned from a former colleague and current UT Austin tenured professor that the BRAC was formed out of a previous UT Austin committee called the Threat Assessment Team ("TAT") and that the TAT had the primary purpose of protecting UT Austin against mass shooting-like events. It is insulting, libelous, and defaming to be categorized by UT Austin in the same realm as a potential mass-shooter.

28. As a still-dedicated UT Longhorn alumnus, I am reminded that my son starts college in less than three years. I am being investigated, without consent or announcement, by a committee at

a university that is an arm of Texas state government, as being a potential danger to human beings, without any real attempt at a full investigation.

29. If I and am still being investigated as an actual threat to human beings on the UT Austin campus, it should be obligatory to interview me, ask some questions, get evidence, cross-examine, and so on. I am left wondering whether my son, or any current or future UT Austin student, is safe on a campus with such a feckless threat assessment program.

**CLAIMS**

**Count One: Violation of Due Process Clauses of the U.S. Const. amend. 5 and U.S. Const. amend. 14**
**Defendants: UT System; UT Austin**

30. I reallege paragraphs 1-34 of my Complaint and incorporate same by reference.

31. Defendants UT System and UT Austin each receive federal funding for its operations and are both subject to governmental regulation. As a state school system and state university respectively, they each represent arms or extensions of the government of the State of Texas.

32. There is only one guaranteed right mentioned twice in the US Constitution. The 5th Amendment (U.S. Const.) states to the federal government that no one shall be "deprived of life, liberty or property without due process of law" while the 14th Amendment (U.S. Const.) denotes a legal obligation to the above Due Process Clause be binding upon all states.

33. Defendants UT System and UT Austin had actual knowledge of these constitutional commandments.

34. UT Austin, a component institution of the UT System, by way of the procedural and policy oversight of UT Austin by the UT

System, willfully violated my right to a fair and transparent process regarding UT Austin's continuing three-year-long investigation and assessment of me, my character, and my psychological and medical states by the BRAC.

35. UT Austin, through arguments made on its behalf by the UT System, refuses to turn over documents to me that explain the charge of the BRAC, who (or what) the BRAC reports to, the instruments or work it produces, or what the instruments or work it does is used for.

36. I reiterate that I did not know about any of the facts that give rise to these claims prior to September 12, 2023.

**Count Two: Violation of 28 U.S. Code § 4101; Defamation and Libel**

**Defendants: UT Austin; Dempster; Lorenzo; Cohen; Baker**

37. I reallege paragraphs 1-42 of my Complaint and incorporate same by reference.

38. Dempster, Lorenzo, Cohen, and Baker made several libelous, defamatory, and offensive statements about me, my character, and my psychological and medical states.

39. These statements, found in documents responsive to my request for information regarding the BRAC committee's investigation of me, and its violation of my right to due process, are not limited to the examples enumerated in this complaint. The open records documents I received from UT Austin the BRAC contain too many examples of libel and defamation to incorporate here.

40. One can only surmise that the documents responsive to my request for information regarding the BRAC committee's investigation of me, that the UT System argues against release, contain further examples of libelous and defaming statements made by COFA administrators about me.

41. UT Austin, by way of the BRAC and UTPD's aversion to contacting me regarding the libelous and defaming statements, enabled and perhaps encouraged the Dempster, Lorenzo, Cohen, and Baker's libelous and defamatory statements.

42. The libelous and defamatory statements have caused me tremendous emotional distress.

43. The libelous and defamatory statements, and the way the BRAC collated them without corroboration or cross-examination by itself or the UTPD, I believe, have been used by UT Austin and the UT System to hamper my employability in academia and specifically, at other component institutions within the UT System.

44. The libelous and defamatory statements made about me by UT Austin faculty and administrators, and the way in which the BRAC collated them without corroboration of cross-examination, have been used by COFA administration as an instrument to present me in a false light, to stoke a manufactured fear and mistrust of me in current and former COFA faculty, that has ultimately resulted criticism, dishonor, condemnation, and professional ostracization.

45. I reiterate that I did not know about any of the facts that give rise to these claims prior to September 12, 2023.

**Wherefore, I respectfully demand that this Court:**

46. Assume jurisdiction over any claims that may be considered state law claims.

47. Declare that defendants UT System and UT Austin violated the Due Process Clauses of U.S. Const. amend. 5 and U.S. Const. amend. 14. Declare that defendants UT System, Dempster, Lorenzo, Cohen, and Baker in violation of 28 U.S. Code § 4101.

48. Issue an injunction compelling defendants UT System and UT Austin to immediately suspend the work of the BRAC.

49. Issue an injunction compelling the UT System and UT Austin to

come forth with the names of all US citizens that have been the subject of the BRAC's invisible investigation and assessments and compel defendants UT System and UT Austin to notify these individuals that they were investigated and assessed by the BRAC at UT Austin without consent or announcement.

50. In the interest of public safety, issue an injunction that compels defendant UT System to implement a plan that ensures police departments and BRAC-like committees at its component universities properly investigate reported threats to the safety of its faculty, staff, and students and that they do so in a transparent and fair way.

51. Issue an injunction that compels defendants UT System and UT Austin to restore my academic reputation, professional standing, and dignity by publicly announcing the scope of the libelous and defaming statements made by defendants.

52. Issue an injunction that admonishes defendants Dempster, Lorenzo, Cohen, and Baker, along with any other individuals found to be participants in making libelous and defaming statements about me.

53. Award me $750,000 in compensatory damages that these claims have caused my career and future ability to teach in academia.

54. Award me exemplary or punitive damages of $2,500,000.

55. Award me statutory interests, costs, and any future attorney's fees.

56. Issue any such other relief as this Courts sees just, fair, and proper.

**I DEMAND A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

December 10, 2023,

*[signature]*

**Dr. Jack Wilson Stamps, Jr.**
**300 E. Basse Rd. #1431**
**San Antonio, TX 78209**
**(210) 849-5347**
**jackwstamps@gmail.com**
**Plaintiff,** *Pro se*