IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DR. JACK WILSON STAMPS, JR.,

§
§

*Plaintiff,*

§
§
§

vs.

§
§
§

UNIVERSITY OF TEXAS SYSTEM,
UNIVERSITY OF TEXAS AT AUSTIN,
DOREEN LORENZO, ASSISTANT
DEAN OF THE COLLEGE OF FINE
ARTS AND DIRECTOR OF THE
SCHOOL OF DESIGN AND CREATIVE
TECHNOLOGIES, IN HER
INDIVIDUAL AND OFFICIAL
CAPACITIES; DOUGLAS DEMPSTER,
FORMER DEAN OF COFA AND
CURRENT PROFESSOR AT UT
AUSTIN, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITES; MICHAEL
BAKER, CHAIR OF THE
DEPARTMENT OF ARTS AND
ENTERTAINMENT TECHNOLOGIES
AT UT AUSTIN, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITIES; AND
DAVID COHEN,

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

SA-23-CV-01520-JKP

*Defendants.*

§
§

## <u>ORDER</u>

Before the Court in the above-styled cause of action are the following motions: Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [#5], Plaintiff's Motion for Appointment of Counsel [#6], and Plaintiff's Application for Permission to File Electronically [#7]. This case was referred to the undersigned for all non-dispositive pretrial proceedings on December 14, 2023 [#4], rather than under this Court's standing order for all cases involving motions to proceed *in forma pauperis* ("IFP"). The undersigned therefore has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By his motions, Plaintiff

seeks leave to proceed IFP based on an inability to afford court fees and costs and requests appointment of counsel and permission to participate in electronic filing.  Having considered the motions and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP, order Plaintiff to request issuance of summons and to execute service on Defendants, deny the motion to appoint counsel, and grant the motion to participate in electronic filing.

## I.  Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff filed his Complaint without doing either, yet his Complaint was docketed by the Clerk's Office on December 12, 2023.  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff does not have sufficient monthly resources available to pay the filing fee.  The Court will therefore grant the motion to proceed IFP.

Pursuant to the Court's October 8, 2019 Standing Order, the undersigned has reviewed Plaintiff's pleadings for frivolousness pursuant to 28 U.S.C. § 1915(e).  Plaintiff filed an Amended Complaint on December 18, 2023, which is the live pleading [#8].  The Court finds that Plaintiff's Amended Complaint asserts at least one non-frivolous claim.  Therefore, Defendant should be served with this lawsuit.

## II. Appointment of Counsel

---

[1] The administrative fee, which is currently $55, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

Courts may appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) in IFP proceedings. Under § 1915(e)(1), the Court has discretion to appoint an attorney to represent a litigant in federal court, but there is no right to the automatic appointment of counsel in a civil case. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Appointment of counsel in a civil case is considered a privilege, not a constitutional right. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted). The Court is only required to appoint counsel, such that the denial of counsel constitutes an abuse of discretion, where the case presents exceptional circumstances. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

In evaluating whether a case involves "exceptional circumstances," a court should consider the following factors: (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting her case; (3) whether the plaintiff is in a position to investigate adequately the case; (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination; and (5) whether the appointment of counsel would be a service to the plaintiff and, perhaps, the court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination. *Id.* at 213 (citations omitted).

Plaintiff has not demonstrated that exceptional circumstances are present in his case or that, based on the record, appointment of counsel is appropriate under the applicable legal standards under 28 U.S.C. § 1915(e) at this stage of the proceedings. Although Plaintiff lacks the financial resources to retain private counsel, Plaintiff's pleadings indicate that his case is not particularly complex and his ability to articulate the basis of and present the facts pertinent to his

claims.  Accordingly, the Court will deny Plaintiff's request for counsel at this stage of the proceedings.  This denial is without prejudice to Plaintiff renewing his request at a later stage of this lawsuit.

### III.  Motion to Participate in Electronic Filing

Plaintiff has also moved for permission to participate in e-filing.  The Court will grant the motion.

### IV.  Pro Se Resources

In light of the fact that Plaintiff is representing himself *pro se* in this action, the Court directs him to the following resources to assist him in prosecuting his case:

- The Federal Rules of Civil Procedure, available at: www.uscourts.gov/file/rules-civil-procedure

- This Court's Local Rules, available at https://www.txwd.uscourts.gov/court-information/lcr-civil-rules/

- The "Complete Pro Se Manual" which is available on the Court's website at: https://www.txwd.uscourts.gov/filing-without-an-attorney/pro-se-manual/.

Plaintiff is directed to familiarize himself with these resources.  Also, although *pro se* litigants are held to a less stringent standard, they are nevertheless required to follow the rules that govern all litigants in federal court.  *Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995).  These rules include but are not limited to the rules and Court orders regarding conference with opposing counsel, following deadlines imposed by the rules and the Court's Scheduling Order, observing the response times for motions as set forth in Local Rule CV-7(d), and keeping the Court updated with a current address to ensure all filings are received.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [#5] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to proceed in this action without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff.

**IT IS FURTHER ORDERED** that, if not already accomplished, on or before **January 17, 2024**, Plaintiff shall request issuance of summons from the Clerk's Office by submitting the Summons form found on the Western District of Texas website for each Defendant he desires to be served.  Plaintiff is reminded that he is required to effectuate service on or before March 11, 2024.  *See* Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel [#6] is **DENIED**.

**IT IS FURTHER ORDERED** that and Plaintiff's Application for Permission to File Electronically [#7] is **GRANTED**.

**IT IS FINALLY ORDERED** that Plaintiff may file electronically on the Western District of Texas Official Court Electronic Document Filing System in this cause of action.

SIGNED this 8th day of January, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE